IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACO SALDANA, | No. C 10-05011 CW (PR) |
| Petitioner, | ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner, filed this pro se habeas corpus action challenging as a violation of his constitutional rights the denial of parole by the California Board of Parole Hearings (Board) on February 24, 2009. Thereafter, the Court dismissed the action for failure to pay the filing fee, but subsequently reopened the action when the fee was paid. The Court now reviews the allegations in the petition to determine whether a cognizable claim for federal habeas corpus relief is presented.

Petitioner maintains that the Board's finding that he was not suitable for parole violated his right to due process because that finding was not supported by "some evidence" that Petitioner poses a current danger to society if released.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (internal citation omitted). The court may not grant habeas relief for state law

errors. Id.

In Cooke, the Supreme Court explained that earlier Supreme Court cases had determined that the procedural protections to which a parole applicant is entitled under the Due Process Clause of the Fourteenth Amendment are "minimal." Id. at 862. In particular, the Supreme Court had "found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 862 (citing Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 16 (1979)). Thus, as long as a petitioner receives at least that much process at a parole hearing, the federal court's habeas review is at an end. See Cooke, 131 S. Ct. at 862.

Further, Cooke made clear that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." Id. at 861. Therefore, the federal courts have no authority in habeas to determine whether California's "some evidence" rule was correctly applied. Id. at 863. Consequently, if an inmate seeking parole "receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to [his] records in advance," then there is no due process violation stemming from a claim that a parole denial did not comply with California's "some evidence" rule of judicial review. Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011).

Here, as noted, Petitioner claims the Board's denial of parole violated his right to due process because there was not "some evidence" to find that Petitioner poses a current danger to society if released. In light of the Supreme Court's determination that

2

the constitutionally-mandated procedural protections for which federal habeas relief is available do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for federal habeas corpus relief.

A certificate of appealability will not issue because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may, however, seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: 1/6/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE